UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William M. McCavey,

    Plaintiff,

v.                                                        Case No.: 19-10123
                                                             Honorable Victoria A. Roberts

Geralda B. Hines, et al.,

    Defendants.

_____/

## ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [ECF No. 15]; (2) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [ECF No. 21]; AND (3) DISMISSING THE CASE

**I.    Introduction**

Defendants move to dismiss the first amended complaint. Plaintiff William McCavey ("McCavey") seeks leave from the Court to file a second amended complaint. While the Court has authority to allow this amendment under Fed. R. Civ. P. 15(a)(2), McCavey has not demonstrated that the Court has personal jurisdiction over Defendants, despite several attempts to establish jurisdiction.

Accordingly, the Court denies his request, grants Defendants' motion to dismiss, and dismisses the case.

**II.    Background**

McCavey filed his first complaint on January 11, 2019, and the first amended complaint on March 11, 2019. The facts underlying the case center around a Georgia child support arrearage. McCavey claims that after receiving notice of the arrearage, he submitted an objection form to the Georgia Department of Human Services ("DHS"). Allegedly, DHS received his objection on July 17, 2018. However, McCavey received

notice on July 24, 2018 that DHS would certify the arrearage with the Georgia State Department.

Oakland County, Michigan received and enforced the arrearage and entered a garnishment order against McCavey. Also, the United States Secretary of State suspended his passport privileges. McCavey claims that the loss of his passport resulted in loss of pay and employment.

Initially, McCavey filed his complaint only against DHS. DHS filed a motion to dismiss on March 3, 2019 for lack of personal jurisdiction. McCavey filed a response and a first amended complaint on March 11, 2019. The amended complaint added the Commissioner of Georgia DHS Robyn Crittendon, who replaced Interim Commissioner Geralda B. Hines, also named in the amended complaint. McCavey also added a 42 U.S.C.A. §1983 claim. Under this claim, McCavey alleges he was denied a hearing in Georgia about the arrearage. McCavey alleges that defendants Hines and Crittendon "directed policies or unofficial policies to exclude hearings that are required under federal law," to conduct interstate child support enforcement.

On March 19, 2019, Defendants filed a motion to dismiss the first amended complaint. McCavey responded to the motion, filed a second amended complaint, and filed a motion for leave to amend the complaint a second time.

III. Discussion

Defendants argue that the Court lacks personal jurisdiction because they did not have minimal contacts with Michigan and exercising jurisdiction over them would violate due process.

Federal courts require both personal jurisdiction over the parties and subject matter jurisdiction. If either is lacking, the case cannot proceed in federal court.

General practice among courts is to leniently review pro se litigants' claims. However, leniency is not an excuse to ignore the law. A litigant has an opportunity to amend his complaint once as a matter of course. Fed R. Civ. P. 15(a)(1). Subsequent amendments require consent from the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). However, courts can deny leave to amend a complaint for repeated failures to cure deficiencies in prior amendments or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Neither McCavey's first attempt at amending his complaint, nor his second attempt allege facts that establish the Court's jurisdiction over the Defendants.

McCavey alleges subject matter jurisdiction under 28 U.S.C.A. § 1332, diversity of citizenship, and 28 U.S.C.A. § 1331, federal question. Under diversity of citizenship, the Court can exercise personal jurisdiction over a nonresident defendant if authorized by state law and in accordance with the Fourteenth Amendment's due process clause. *Alisoglu v. Cent. States Thermo King of Okla., Inc.*, No. 12-cv-10230, 2012 U.S. Dist. LEXIS 66246, at *7 (E.D. Mich. May 11, 2012).

Similarly, subject matter jurisdiction based on federal question allows the Court to exercise personal jurisdiction over defendants when their actions in the forum fall under Michigan's long-arm statute and if exercising personal jurisdiction would not violate a defendant's right to due process under the Fourteenth Amendment. *Id.* at *9. The Court cannot exercise personal jurisdiction over a defendant when a plaintiff fails to establish


any of the personal jurisdiction requirements for diversity of citizenship or federal question in his complaint.

McCavey alleges the Defendants are subject to Michigan's long-arm statute, Mich. Comp. Laws § 600.705, which – in relevant part – states:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.

Mich. Comp. Laws § 600.705(1)-(2).

These sections of the long-arm statute would only apply to defendants Interim Commissioner Hines and Commissioner Crittenden because they address limited jurisdiction over an individual or his agent.

Courts note the broadness of the term "any" contained in § 600.705(1). The Michigan long arm statute extends to the limits of due process because the term "any" includes "each" and "every" and even the most minute business transaction. *Schafer v. Johnson*, No. 09-10349-BC, 2009 U.S. Dist. LEXIS 72228, at *36 (E.D. Mich. Aug. 17, 2009). However, a defendant's actions must still fit within the long arm statute. *Valicor Separation Techs., LLC v. Three Rivers Energy, LLC*, No. 2:15-cv-11265, 2015 U.S. Dist. LEXIS 95824, at *6 (E.D. Mich. July 23, 2015).

In *International Shoe*, the United States Supreme Court held that due process requires a defendant to have "certain minimum contacts" with the state "such that the

4

maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Defendants have minimum contacts with a forum state when their conduct and connection with the state is such that they should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The Sixth Circuit created a three-prong test to determine if due process exists.

> First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction over the defendant reasonable.

*Alisoglu*, 2012 U.S. Dist. LEXIS 66246, at *13. Courts can only exercise personal jurisdiction when all of the prongs are met. Id. at *14. An analysis for due process first requires that the plaintiff demonstrate that the forum can exercise authority over the defendants through the long arm statute. *Valicor Separation Techs., LLC*, 2015 U.S. Dist. LEXIS, at *6.

McCavey fails to demonstrate that Michigan has personal jurisdiction over Hines and Crittendon under Mich. Comp. Laws § 600.705(1)-(2). In none of the pleadings or papers does McCavey allege factual information that Hines and Crittendon transacted any business or caused an act to be done or consequences to occur in Michigan. The proposed amendment does not mention defendant Hines and Crittendon by name but refers to them collectively, incorporating DHS, as Defendants. The proposed amended complaint alleges that the Defendants had knowledge of, or in the alternative, directed the activities of their subordinates to deny a hearing to McCavey. However, neither the

5

complaint nor the motion for the amended complaint states that Hines and Crittendon conducted any business in Michigan. In papers responding to Defendants, McCavey specifically stated, "DHS also was the entity that wrongly filed the action that forms the basis of the complaint with the United States Department of State to void the plaintiff's passport under a federal law, causing the damages that are sought in the suit, thus Federal Court jurisdiction is proper." By plaintiff's own admission, Hines and Crittendon never transacted any business within Michigan. The Court has no jurisdiction over them.

Since the defendants' conduct does not satisfy Mich. Comp. Laws § 600.705(1)-(2), the Court need not address McCavey's due process argument.

McCavey also argues that the Court has personal jurisdiction over DHS. The Court disagrees. Georgia's DHS is neither an individual nor an agent of an individual. *See* Mich. Comp. Laws § 600.705(2).

The plaintiff alleges that Georgia's DHS improperly took action against him for child support arrearage, and an Oakland County court enforced the action. According to McCavey, the enforcement of this action, garnishments and revocation of the plaintiff's passport, is the "causing [of] any act to be done or consequence to occur, in the state resulting in an action for tort [.]" Mich. Comp. Laws § 600.705(2).

Michigan courts decline to use the long arm statute over another state's agencies; the legislature did not intend for the long arm statute to be used against "sister states." *Wallman v. Ind. State Police*, No. K88-119 CA4, 1988 U.S. Dist. LEXIS 18079, at *12 (W.D. Mich. Aug. 5, 1988). Because DHS is a Georgia agency, the Court cannot use the long arm statute to establish jurisdiction over it. Since Michigan cannot

invoke the long arm statute against Georgia, there is no need to determine if there is sufficient due process.

IV. Conclusion

The court provides a forum in which parties argue their positions before a neutral third party. However, the plaintiff must establish the court's jurisdiction through his allegations. McCavey did not allege facts that would allow this Court to exercise jurisdiction over the Defendants.

For these reasons, the Court **DENIES** McCavey's motion for leave to file a second amended complaint [ECF No. 21], **GRANTS** Defendants' motion to dismiss the first amended complaint [ECF No. 15] and **DISMISSES** this case.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 26, 2019